**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **JOHNNIE DEMOND JACKSON,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**SHERIFF TERRON HAYES,**<br><br>**Respondent.** | **Case No.: 1:26-cv-00038-LAG-CHW** |

**BRIEF IN SUPPORT OF RESPONDENT SHERIFF TERRON HAYES'S MOTION TO DISMISS**

COMES NOW Respondent Terron Hayes, Sheriff of Dougherty County, Georgia, and files this his Brief in Support of his Motion to Dismiss, respectfully showing the Court the following:

**PETITIONER'S ALLEGATIONS**

Petitioner has filed an amended recast petition for writ of habeas corpus, alleging he is being held in the Dougherty County Jail in connection with criminal charge numbers 18R-0177, 22R-223, 20R-425, and 21R-719. *See* Doc. 15, p. 1. Petitioner further contends that he was sentenced in January 2024 to "15 years split with the first 5 to be served in confinement and consecutive 5 years." *Id.* The charges were allegedly for aggravated assault, terroristic threats, possession of a firearm by a convicted felon, probation violation, and possession of methamphetamine. *Id.*

Petitioner asserts the following grounds for his petition: (1) prosecutorial misconduct by failing to respond to his motions for a speedy trial, which he claims he "fully exhausted"; (2) ineffective assistance of counsel for not pursuing his speedy trial motions, which he claims he "exhausted"; (3) the superior court never responded to his motions for a speedy trial, motion to dismiss, or motion for production order, which he "fully exhausted"; and (4) his attorney told him

that the District Attorney did not have evidence or had lost evidence and would not grant him a speedy trial, for which he claims he filed a petition for habeas corpus in Dougherty County Superior Court and Washington County Superior Court but received no response. *Id.* at 5, 7-10.

## PROCEDURAL HISTORY

Petitioner's criminal history is somewhat complex:

Warrants for Charge No. 18R-0177 were issued on December 20, 2017, and charged Petitioner with the following offenses: criminal trespass; kidnapping; aggravated assault; armed robbery; robbery by intimidation; receipt, possession, or transfer of firearm; and possession of firearm or knife. *See* Ex. A, filed herewith, p. 2, Counts 1-6. On March 14, 2019, Petitioner pled guilty to robbery by intimidation. *Id.* at 11. All other charges were dropped. *Id.* at 16. Petitioner was sentenced to 10 years – 2 years in prison, 8 years on probation, with his prison term starting January 18, 2018. *Id.* at 12-13. On January 8, 2020, Petitioner was released from Valdosta State Prison at the end of his prison term for Charge No. 18R-0177. *See* Ex. E, filed herewith, p. 3. His probation period started and continued through January 7, 2028. *See* Ex. A, p. 12.

Warrants for Charge No. 22R-223 were filed on June 6, 2020, and charged Petitioner with three counts of kidnapping, four counts of aggravated assault, and one count of possession of firearm during felony. *See* Ex. B, filed herewith, p. 2, Counts 1-8. A warrant for Charge No. 20R-425 was filed on June 10, 2020, and charged Petitioner with possession of methamphetamine. *See* Ex. C, filed herewith, p. 2, Count 1. On March 17, 2021, a warrant for Charge No. 21R-719 was filed and charged Petitioner with terroristic threats and acts. *See* Ex. D, filed herewith, p. 2, Count 1. As a result, Petitioner's probation for Case No. 18R-0177 was revoked on February 9, 2022, and Petitioner was sentenced to three years in prison, beginning June 10, 2020. *See* Ex. A, pp. 17-21. Petitioner filed an application for discretionary appeal from this order on August 9, 2022, but the

Georgia Court of Appeals dismissed the application for lack of jurisdiction because it was untimely. *See* Ex. F, filed herewith.

On June 9, 2023, Petitioner was released from prison for his probation revocation in connection with Charge No. 18R-0177 and transferred back to the Dougherty County Jail. *See* Ex. E, p. 1. On February 21, 2024, Petitioner pled guilty to one count of aggravated assault (22R-223), possession of firearm during a felony (22R-223), possession of methamphetamine (20R-425), and terroristic threats and acts (21R-719), and the other charges were dropped. *See* Ex. B, pp. 12, 18; Ex. C, p. 9; Ex. D, p. 6. He was sentenced to 20 years – 5 years in prison and 15 years of probation, with 5 years for aggravated assault (starting June 10, 2020), 3 years for possession of methamphetamine (starting June 20, 2020), and 3 years for terroristic threats and acts (starting March 23, 2021). *See* Ex. B, pp. 13-17; Ex. C, pp. 10-11; Ex. D, pp. 7-8. On December 31, 2024, Petitioner filed a motion for a Faretta hearing and a motion for an out-of-time appeal for Charge No. 22R-223 and Charge No. 20R-425. *See* Ex. B, pp. 19-21; Ex. C, pp. 12-14. It does not appear the superior court ruled on those motions. *See* Ex. B, pp. 2-10; Ex. C, pp. 2-8.

Petitioner was released from Washington State Prison on June 10, 2025, because he had completed his sentence of imprisonment for Charge No. 22R-223. *See* Ex. B, p. 13; Ex. E, p. 1. [The other two sentences had already been completed.] Petitioner was arrested again on September 8, 2025, and charged with simple assault, obstruction of a law enforcement officer, and probation violation. *See* Ex. A, p. 22. On November 21, 2025, a Petition for Modification/Revocation of Probation was filed for Charge No. 18R-0177 and Charge No. 22R-223. *See id.* at 22-23; Ex. B, pp. 22-23. Petitioner's probation was revoked for two months and 11 days (time served) and released back to probation on November 25, 2025. *See* Ex. A, p. 24; Ex. B, p. 24.

On December 21, 2025, Petitioner was arrested yet again, this time charged with aggravated assault, kidnapping, and possession of firearm during a felony. *See* Ex. G, p. 1, Counts 1-3. There has been no Petition for Modification/Revocation of Probation filed based on those charges. *See id.*, *generally*. Instead, Petitioner is presently incarcerated in the Dougherty County Jail because of these new charges.

Petitioner submitted a "Motion for Emergency Habeas Corpus to Obtain Immunity from Prosecution Hearing Based on Stand Your Ground Law" on March 9, 2026, which was filed on March 17, 2026, in Case No. SUR2018000177 (Charge No. 18R-0177) and Case No. SUR2022000223 (Charge No. 22R-223). *See* Ex. A, pp. 25-34; Ex. B, pp. 25-34. Although he claims to have filed a petition for habeas corpus in Washington County Superior Court, no such filing can be located. Petitioner submitted the instant application for writ of habeas corpus on March 18, 2026, and it was filed on March 20, 2026. *See* Doc. 1 & 1-1.

## ARGUMENT AND CITATION OF AUTHORITY

Although, substantively, Petitioner's application lacks merit, the Court need not reach the merits because Petitioner's application should be dismissed for multiple other reasons. First, his present confinement is not based on the convictions and sentences he challenges. Second, his petition is barred by the applicable statute of limitations. And, third, Petitioner failed to exhaust his available state law remedies.

### I. Petitioner's present incarceration is based on new charges, not the previously convictions he challenges.

As discussed above, Petitioner challenges his convictions and sentencing for Charges No. 18R-0177, 20R-425, 21R-719, and 22R-223. However, Petitioner was released from confinement connected to those charges on June 10, 2025, and for violation of probation connected to those charges, on November 25, 2025. He did not file a petition for writ of habeas corpus in superior court

until March 9, 2026, and in federal court on March 18, 2026. But his current confinement is not the result of probation revocation for the earlier charges; instead, it is based on new felony charges.

Because Petitioner is challenging convictions that are not related to his present confinement, his Petition should be dismissed.

## II. <u>Petitioner's application is untimely.</u>

Pursuant to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "The limitations period is tolled for the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Marion v. Baden*, 2011 U.S. Dist. LEXIS 22356, *3-4 (S.D. Ga. Feb. 28, 2011) (quoting 28 U.S.C. § 2244(d)(2)). "However, a petitioner should be mindful that 'once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive' the statute of limitations period applicable to section 2254 petitions." *Id.* at *4 (quoting *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)), and citing *Alexander v. Secr'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot

toll the federal limitations period if that period has already expired)). This is true even if the application for habeas relief in the state court is filed within the statutory period provided under state law. *See, e.g.*, *McCormack v. Caldwell*, 2016 U.S. Dist. LEXIS 107069, *4-5 (S.D. Ga. Aug. 16, 2016) (holding habeas petition filed in state court within 4-year statute of limitation period did not toll the 1-year limitation period applicable to § 2254 petitions).

Here, Petitioner entered a guilty plea on February 21, 2024. "In Georgia there is 'no unqualified right' to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record.'" *Marion*, 2011 U.S. Dist. LEXIS 22356, at *4 (citing *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996)). Regardless, "[a] notice of appeal must be filed within 30 days of the judgment of conviction, pursuant to O.C.G.A. § 5-6-38." *Id.* Petitioner did not file a notice of appeal within 30 days of his plea. Rather, he filed a motion for out-of-time appeal on December 31, 2024, more than 10 months after his plea. However, a motion for out-of-time appeal does not meet the tolling provisions of § 2244(d)(2). *See Danny v. Secy, Fla. Dep't of Corr.*, 811 F.3d 1301, 1303-04 (2016). Therefore, Petitioner's conviction became final 30 days from February 21, 2024, which was March 22, 2024, so the federal statutory period for a habeas petition expired on March 22, 2025, unless Petitioner properly filed a state habeas petition before then. He did not. Instead, he filed his "emergency motion for habeas corpus" on March 17, 2026, more than one year after the statute of limitation for a federal habeas petition expired. Therefore, his petition is untimely and should be dismissed.

**III. Petitioner did not exhaust his state law remedies.**

Federal law requires the applicant to have exhausted all available state remedies before filing a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2254. "The Petitioner bears the burden of proving that he has exhausted available state remedies." *Williams v. Sellers*, 2013 U.S.

Dist. LEXIS 73312, *3-4 (M.D. Ga. April 30, 2013). "A petitioner 'shall not be deemed to have exhausted' the available state court remedies 'if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Robinson v. Wood*, 2025 U.S. Dist. LEXIS 282834, *3 (N.D. Ga. May 1, 2025) (quoting 28 U.S.C. § 2254(c)). "Before seeking federal habeas corpus relief, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' which includes review by the state's highest court." *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, Petitioner alleges that he filed a motion for out-of-time appeal, to which he received no response. It does appear that the superior court has not yet ruled on that motion, but, even if that fact made his appeal "not available," he still had the right to pursue a habeas petition under state law. He cannot show that he did so.

Petitioner claims he submitted a petition for habeas corpus in the Washington County Superior Court or "whichever courthouse is in assigned for the county in which Washington State Prison resides in." Doc. 1, pp. 5-6. Respondent requests that the Court to take judicial notice, pursuant to Fed. R. Evid. 201(b)(2), that Washington State Prison is located in Washington County, Georgia. There is no record of Petitioner having filed a petition for writ of habeas corpus in the Superior Court of Washington County.

Although Petitioner did file an emergency motion for habeas corpus in the Superior Court of Dougherty County, that motion was not submitted until March 9, 2026. Therefore, it was not only untimely for purposes of his federal petition, as discussed above, but also, it was submitted only days before he submitted his federal petition, so he clearly did not exhaust that process.

Accordingly, Petitioner has not exhausted his administrative remedies.

## **CONCLUSION**

For all the reasons stated herein, Petition's Application of r Writ of Habeas Corpus should be DISMISSED.

Respectfully submitted this 15th day of September, 2026.

***/s/ Frances L. Clay***
Frances L. Clay
Georgia Bar No. 129613
Chambless, Higdon, Richardson,
Katz & Griggs, LLP
P.O. Box 6378
Macon, GA 31208-6378
Phone: 478/745-1181
Fax: 478/746-9479
E-mail: fclay@chrkglaw.com

***Attorney for Respondent***

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participant:

Johnnie Demond Jackson
ID No.: 22498
Dougherty County Jail Facility
1302 Evelyn Drive
Albany, GA 31705
*Pro so Petitioner*

This 15th day of September, 2026.

*/s/ Frances L. Clay*
Frances L. Clay