**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **JOHNNIE DEMOND JACKSON.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **No. 1:26-cv-00038-LAG-CHW** |
| | : | |
| **Sheriff HAYES,** | : | **Proceedings under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| **Respondent.** | : | |
| | : | |

**ORDER**

Before the Court is a Motion for Discovery filed by Johnnie Demond Jackson, a *pro se* Section 2254 habeas petitioner. (Doc. 22). It appears that Petitioner filed his motion in anticipation of Respondent's intent to file motion to dismiss based on Petitioner's failure to exhaust, as Petitioner's motion is dated September 14, 2026 (*id.*, p. 2), and Respondent's motion to dismiss was filed on September 15, 2026. (Doc. 20).

Insofar as Petitioner does request discovery in the instant habeas case, Petitioner's Motion is **DENIED**. Unlike ordinary civil litigants, habeas petitioners are not entitled to discovery as a matter of course. *See Crawford v. Head*, 311 F.3d 1288, 1328 (11th Cir. 2002) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rather, discovery is available only for "good cause," and only after the party requesting discovery provides reasons for the request and specifies any requested documents, proposed interrogatories, or requests for admission. Rule 6 of the Rules Governing Section 2254 Cases. It is doubtful based upon the conclusory nature of Petitioner's motion that he would be entitled to discovery.

It is also likely that his request is moot. Petitioner asked that Respondent be ordered to provide any documentation regarding Petitioner's attempts to exhaust. Respondent attached

several exhibits to the motion (s*ee* (Doc. 20-2-Doc. 20-8)), which Petitioner now has cited to in his response to the motion. *See* (Docs. 23, 24).

**SO ORDERED,** this 5th day of October, 2026.

s/ Charles H. Weigle__________
Charles H. Weigle
United States Magistrate Judge